UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIVER WATCH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VACAVILLE,<br><br>Defendant. | No. 2:17-cv-00524-KJM-KJN<br><br><br><br>ORDER |

This case is before the court on defendant City of Vacaville's motion to dismiss plaintiff California River Watch's complaint. Mot., ECF No. 5. At hearing on June 16, 2017, Jack Silver and David Weinsoff appeared for plaintiff and Gregory Newmark appeared for defendant. ECF No. 14. As discussed below, defendant's motion is DENIED.

I.  BACKGROUND AND PROCEDURAL HISTORY

On March 13, 2017, plaintiff filed its complaint. *See* Compl., ECF No. 1. Plaintiff, a non-profit organization, alleges the City of Vacaville's public water system transports "hexavalent chromium," a contaminant and "hazardous waste," in excess of federal and state maximum contaminant levels. Compl. ¶¶ 2, 15, 19, 22. Plaintiff alleges the City's water is supplied for customer consumption and in its contaminated state poses an "imminent and

substantial endangerment to public health or the environment" in violation of the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 *et seq.* (RCRA). *Id.* ¶¶ 15, 29.

On May 13, 2017, defendants filed its motion to dismiss plaintiff's complaint under Rule 12(b)(6), contending: (1) RCRA's anti-duplication provision bars plaintiff's suit and (2) plaintiff has otherwise failed to allege a violation of the RCRA. *See* Mot. at 11–16. Plaintiff filed its opposition, Opp'n, ECF No. 9, and defendant filed its reply, Reply, ECF No. 13.

II.   LEGAL STANDARDS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court construes the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). This rule does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), nor to "allegations

that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001).

III. DISCUSSION

    A. Anti-Duplication

In 1976, Congress passed RCRA in an effort to end the environmental and public health risks associated with mismanagement of hazardous waste. *See Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011). To this end, RCRA is a "comprehensive environmental statute that governs the treatment, storage, and disposal of solid and hazardous waste." *Id.* (citing *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 483 (1996)); *see* 42 U.S.C. § 6902(b) (articulating RCRA's purpose and objectives). RCRA gives the Environmental Protection Agency (EPA) regulatory authority to govern the use of "hazardous wastes from cradle to grave, in accordance with . . . rigorous safeguards and waste management procedures." *Chi. v. Envtl. Def. Fund*, 511 U.S. 328, 331 (1994).

RCRA has two non-duplication provisions, *see* 42 U.S.C. § 6905(a)–(b), one of which is relevant here. Section 6905(a) provides that RCRA cannot be used to regulate any activity or substance,

> [W]hich is subject to the Federal Water Pollution Control Act [33 U.S.C.A. § 1251 *et seq.*], the Safe Drinking Water Act [42 U.S.C.A. § 300f *et seq.*], the Marine Protection, Research and Sanctuaries Act of 1972 [16 U.S.C.A. §§ 1431 *et seq.*, 1447 *et seq.*, 33 U.S.C.A. §§ 1401 *et seq.*, 2801 *et seq.*], or the Atomic Energy Act of 1954 [42 U.S.C.A. § 2011 *et seq.*]

42 U.S.C. § 6905(a) (brackets in original; italics added). For purposes of this motion, defendant contends plaintiff's case should be dismissed because it is asking the court to enjoin actions under the RCRA that are permitted under the Safe Drinking Water Act (SDWA). Mot. at 2.

If adhering to RCRA and another act creates an inconsistency, RCRA yields to an Act listed in RCRA's anti-duplication provision, in this instance, the SDWA. *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, No. 10–00121, 2015 WL 537771, at *4 (N.D. Cal. Jan. 30, 2015) ("By virtue of § 6905(a), RCRA cannot [] serve as an additional avenue to impose a different

regulatory requirement."); *see also Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 507 (4th Cir. 2015) ("The statute simply instructs that RCRA provisions must give way when enforcement would be inconsistent with any of the other delineated acts); *Coon ex rel. Coon v. Willet Dairy, LP*, 536 F.3d 171, 174 (2d Cir. 2008) (relying on the anti-duplication provision to prohibit plaintiff's RCRA claims challenging identical activities authorized by a CWA-based permit); *cf. Boeing Co. v. Movassaghi*, 768 F.3d 832, 841 (9th Cir. 2014) ("RCRA excludes from its coverage radioactive materials regulated under the Atomic Energy Act.").

On the other hand, "[w]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *S.F. Herring Ass'n v. Pac. Gas & Elec. Co.*, 81 F. Supp. 3d 847, 866 (N.D. Cal. Feb. 26, 2015) (citing *Morton v. Mancari*, 417 U.S. 535, 551 (1974)); *see also Goldfarb*, 791 F.3d at 510 (allowing regulation unless RCRA is "incompatible, incongruous, [and] inharmonious" with other delineated acts). The burden is on the defendant to show an inconsistency would result if plaintiff's RCRA claims were to proceed and be enforced. *S.F. Herring Ass'n*, 81 F. Supp. 3d at 866.

The first step in determining whether there is an inconsistency here is for the court to determine whether defendant's activity is subject to the SDWA. *See id.* (the critical question is "whether the [] Defendants'. . . activities themselves are regulated under the [] Act and could be further regulated under RCRA without the creation of a regulatory inconsistency."). Without pointing to any authority, defendant simply asserts the SDWA regulates hexavalent chromium. *See* Mot. at 14 ("[H]exavalent chromium in drinking water is a substance which is subject to regulation under the Safe Drinking Water Act"). But this assertion is belied by the SDWA itself, which lists hexavalent chromium as an "unregulated contaminant." *See* List of SDWA Unregulated Contaminants, located at https://www.epa.gov/dwucmr/third-unregulated-contaminant-monitoring-rule (last visited August 30, 2017).[1] To the extent the RCRA regulates

---

[1] The court sua sponte takes judicial notice of this governmental website. *See United States ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014) ("Under Rule 201, the court can take judicial notice of [p]ublic records and government documents

4

hexavalent chromium, its regulation poses no inconsistency with the SDWA.  Defendant's first argument is unavailing.

B. <u>Merits of Complaint</u>

While chief responsibility for RCRA enforcement lies with the EPA, a private citizen may file suit against persons "alleged to be in violation of the statutes' requirements." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 506 (9th Cir. 2013) (citing 42 U.S.C. § 6972).  To establish a violation under RCRA, a private citizen must allege three things: (1) the defendant is a generator or transporter of solid or hazardous waste; (2) the defendant has "contributed" or "is contributing to" the handling, storage, treatment, transportation, or disposal of solid or hazardous waste; and (3) the solid or hazardous waste in question may present an "imminent and substantial" endangerment to health or the environment.  42 U.S.C. § 6972(a)(1)(B); *Ecological Rights*, 713 F.3d at 514.  Here, defendant challenges only the "solid or hazardous waste" portion of the first element.  S*ee* Mot. at 11.

RCRA defines the term "hazardous waste" to mean a solid waste, or combination of solid wastes, which because of quantity, concentration, or physical, chemical, or infectious characteristics may—"(A) cause, or significantly contribute to an increase in mortality or an increase in serious irreversible, or incapacitating reversible, illness"; or "(B) pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed."  42 U.S.C.A. § 6903 (5).

RCRA does not identify which wastes are hazardous, but rather leaves that designation to the EPA.  *See* 42 U.S.C. § 6921(a) (EPA Administrator "develop[s] and promulgate[s] criteria for identifying the characteristics of hazardous waste, and for listing hazardous waste"); *Wash. v. Chu*, 558 F.3d 1036, 1039 n.2 (9th Cir. 2009) ("RCRA does not identify which wastes are hazardous . . . because it leaves that designation to the EPA").  Under EPA regulations, solid waste containing chromium is "hazardous waste" within the meaning of

---

available from reliable sources on the Internet, such as websites run by governmental agencies.") (internal citations omitted).

the RCRA, whether nor not discarded, where the chromium concentration exceeds 5 mg/L, which is equivalent to 5 parts per million (ppm) or 5,000 parts per billion (ppb). 440 C.F.R. § 261.24. "Chromium," the EPA explains, occurs in two valence, or chemical bond, states: trivalent chromium and (Cr III) and hexavalent chromium (Cr VI). *See* U.S. EPA Chromium Compounds Fact Sheet, available at https://www.epa.gov/sites/production/files/2016-09/documents/chromium-compounds.pdf (last visited August 30, 2017).[2] The latter of the two valence states is the substance at issue here.

Several courts have recognized hexavalent chromium is a hazardous waste regulated by RCRA, whether or not discarded. *See Ctr. for Cmty. Action & Envtl. Justice v. BNSF R. Co.*, 764 F.3d 1019, 1025 (9th Cir. 2014) (recognizing hexavalent chromium as a "hazardous material"); *see also Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 263 F. Supp. 2d 796, 836 (D. N.J. 2003) ("[H]exavalent chromium is a hazardous substance under RCRA."); *Steel Mfrs. Ass'n v. EPA*, 27 F.3d 642, 645 (D.C. Cir. 1994) (electronic arc furnace dust is a form of hazardous waste because it contains hexavalent chromium).

Defendant contends plaintiff's allegation that hexavalent chromium is a hazardous waste is conclusory because no facts allege the City's "water was discarded," as defendant contends is required to allege a RCRA violation. Mot. at 11–16. But no showing that material has been "discarded" is needed to properly identify a hazardous waste subject to RCRA. Plaintiff alleges the City's public sampling reports reveal the presence of hexavalent chromium in the drinking water the City supplies to its customers. Compl. ¶ 15. This "hazardous waste" is transported in drinking water supplied from the City's wells to the homes, businesses, and schools of Vacaville residents. Compl. ¶ 18. Defendant has not challenged plaintiff's allegation of harm so the court declines to address this issue. Plaintiff has stated a RCRA claim.

/////
/////

---

[2] The court judicially notices this government website. Fed. R. Evid. 201.

IV. CONCLUSION

Defendant's motion is DENIED. This order resolves ECF No. 5. Defendant shall file an answer within fourteen (14) days of the filed date of this order.

IT IS SO ORDERED.

DATED: August 30, 2017.

_____
UNITED STATES DISTRICT JUDGE