UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| California River Watch, | No. 2:17-cv-00524-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| City of Vacaville, | |
| Defendants. | |

The City of Vacaville was the defendant in this action under the Resource Conservation and Recovery Act (RCRA). It has requested an award of costs, and River Watch, the plaintiff, objects. The matter was submitted without a hearing.

River Watch alleged at the outset of this case that Vacaville had violated the RCRA because hexavalent chromium in the City's public water supply endangered both the public health and the environment. *See* Compl. ¶¶ 27–32, ECF No. 1. While the parties' cross motions for summary judgment were pending, they reached a settlement agreement that resolved the environmental claims. *See* Stip., ECF No. 77. The settlement agreement imposes several pages of obligations on the City. *See generally* Settlement Agmt. & Release, Silver Decl. Ex. A, ECF No. 88-2. For example, Vacaville agreed to limit potable water releases from hydrants near wells that had exhibited relatively higher levels of hexavalent chromium within the last ten years.
/////

1

*See id.* at 6.  River Watch's environmental claims were then dismissed by stipulation.  *See* Stip. & Order, ECF No. 78.

The settlement agreement did not, however, resolve River Watch's claim about public health dangers.  The court addressed that claim in its order on the parties' cross-motions for summary judgment.  It held that River Watch could not prevail.  The hexavalent chromium in its public water was not "discarded material" or "solid waste" within the terms of the RCRA, so Vacaville could not be liable under that statute.  *See generally* Order, ECF No. 79.  Summary judgment on the public health claim was thus granted to Vacaville, and judgment was entered.  *See id.*; Judgment; ECF No. 80.  Vacaville then filed its bill of costs, and River Watch appealed the order granting partial summary judgment.  *See* Bill of Costs, ECF No. 84; Not. Appeal, ECF No. 85.  River Watch also objects to the bill of costs.  ECF No. 88.

"Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties."  *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012).  The Ninth Circuit has held that this Rule establishes an effective presumption in favor of an award of costs to a prevailing party, i.e., one that obtains judgment in its favor.  *See d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977).  The same is true of a litigant who "prevails" by obtaining some court-ordered material change in the legal relationship between itself and its opponent.  *See Saint John's Organic Farm v. Gem Cty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1058 (9th Cir. 2009).  The degree of that success is irrelevant.  *See Richard S. v. Dep't of Developmental Servs. of State of Cal.*, 317 F.3d 1080, 1087 (9th Cir. 2003).  But when a judgment is "mixed" in the sense that some claims succeed and others fail, "it is within the discretion of a district court to require each party to bear its own costs."  *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996).  And similarly, a district court may deny an award of costs if it would chill future litigation, if the issues in the case were close and difficult, or if the parties litigated in good faith, among other reasons.  *See Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010), *abrogated on other grounds by Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014).

/////

1         Here, River Watch obtained a change in the legal relationship between itself and the City;
2    as a result of the settlement agreement, the City was "required to do something directly
3    benefitting [River Watch] that [it] otherwise would not have had to do." *Richard S.*, 317 F.3d at
4    1087.  In that sense, River Watch has no lesser claim to prevailing party status than Vacaville,
5    which prevailed on a central question of statutory interpretation at summary judgment.  This case
6    is thus an example of a mixed judgment.  The parties also litigated close and difficult technical
7    questions of statutory interpretation and environmental law, and they did so in good faith.
8    Imposing an award of costs here would unjustly chill similarly complex and potentially successful
9    claims.  District courts in this Circuit have declined to award costs in similar circumstances.  *See,*
10   *e.g.*, *Rutherford v. Palo Verde Health Care Dist.*, No. 13-01247, 2015 WL 12864248, at *4 (C.D.
11   Cal. Nov. 16, 2015), *aff'd in relevant part sub nom. Klune v. Palo Verde Health Care Dist.*, 761
12   F. App'x 751 (9th Cir. 2019) (unpublished); *Endurance Am. Specialty Ins. Co. v. Lance-Kashian*
13   *& Co.*, No. 10-1284, 2011 WL 6012213, at *2 (E.D. Cal. Dec. 1, 2011).  This court does so here
14   as well.

15        **Vacaville will bear its own costs.**  This order resolves ECF No. 84.

16        IT IS SO ORDERED.

17   DATED:  November 30, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

3